E-FILED
Wednesday, 17 October, 2012  10:39:30 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JASON LEE NIEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-cv-3404 |
| | ) | |
| GRANGE MUTUAL | ) | |
| INSURANCE COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiff Jason Nieman's

Motion to Compel Depositions of Grange Officers Beth Murphy and Peter

McMurtrie, and Motion Requesting the Court to Extend the Time Permitted

for Discovery by 60 Days (d/e 77) (Motion to Compel), and Defendants

Grange Mutual Casualty Company (Grange) and Integrity Mutual Insurance

Company's ("Integrity") Motion to Quash Notices of Deposition (d/e 78)

(Motion to Quash).  For the reasons set forth below, the Motions are

allowed in part and denied in part.  The Court directs that Defendants make

Peter McMurtrie available for deposition in the district of McMurtrie's

residence, but limits the deposition to matters that occurred August 4,

2011, and to matters relevant to that particular hiring process for the

position for which Nieman applied with Defendants during that time period. The deposition notice for Beth Murphy is quashed. Nieman's request to compel additional discovery production is allowed in part as set forth below. Nieman's request to extend the time for discovery is denied.

BACKGROUND

Nieman brings a Complaint against Defendants Grange and Integrity for age discrimination in employment and retaliation. Nieman is more than 40 years of age. In 2009, Nieman applied for the position of Vice President for Claims Administration at Integrity (Position). Nieman had previously sued his former employer Nationwide Mutual Insurance Company (Nationwide) for employment discrimination and additional claims. Nieman v. Nationwide, C.D. Ill. Case Nos. 09-3304 and 10-3230. Publically recorded information about that lawsuit was available on the Internet. On August 4, 2011, Nieman discovered a news release that on or about June 22, 2011, Integrity had hired someone other than Nieman for the Position. Complaint (d/e 1), ¶ 31. Nieman alleges that Integrity and Grange discriminated against him because of his age and in retaliation for engaging in protected activity by suing Nationwide. See Complaint, at 15-48.

Nieman served interrogatories and requests to produce on Defendants. The Defendants responded. Nieman raised deficiencies in

the responses.  The parties have communicated back and forth regarding

these requests, and the Defendants have provided some additional

material.  Nieman believes the responses are still inadequate and asks the

Court to compel additional responses.  Nieman also asks the Court to

compel the depositions of McMurtrie and Murphy.  The Defendants move

to quash those deposition notices.  Nieman also asks the Court to extend

the discovery deadline to allow the deposition of a third-party witness

named Michael Tingley.  Motion to Compel, at 21-24.  The Court will

address these matters in order below.

## PRINCIPLES OF DISCOVERY

Federal Rule of Civil Procedure 26(b)(1) allows parties to obtain

discovery regarding any matter, not privileged, which is relevant to the

claim or defense of any party.  Relevant information need not be

admissible at trial if the discovery appears to be reasonably calculated to

lead to the discovery of admissible evidence.  The rule gives the district

courts broad discretion in matters relating to discovery.   See Brown-Bey v.

United States, 720 F.2d 467, 470-471 (7th Cir.1983); Eggleston v. Chicago

Journeymen Plumbers' Local Union 130, 657 F.2d 890, 902 (7th Cir.1981);

see also, Indianapolis Colts v. Mayor and City Council of Baltimore, 775

F.2d 177, 183 (7th Cir.1985) (on review, courts of appeal will only reverse a

decision of a district court relating to discovery upon a clear showing of an

abuse of discretion).   ". . . if there is an objection the discovery goes beyond material relevant to the parties' claims or defenses, the Court would become involved to determine whether the discovery is relevant to the claims or defenses and, if not, whether good cause exists for authorizing it so long as it is relevant to the subject matter of the action. The good-cause standard warranting broader discovery is meant to be flexible."   Federal Rule of Civil Procedure 26(b)(1) Advisory Committee Notes, 2000 Amendment.

The federal discovery rules are to be construed broadly and liberally. Herbert v. Lando, 441 U.S. 153, 177 (1979); Jeffries v. LRP Publications, Inc., 184 F.R.D. 262, 263 (E.D .Pa. 1999).  Federal Rule of Civil Procedure 26(b)(1) provides that the "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . .," but "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Id.  The party opposing discovery has the burden of proving that the requested discovery should be disallowed. Etienne v. Wolverine Tube, Inc., 185 F.R.D. 653, 656 (D. Kan. 1999); Golden Valley Microwave Foods, Inc. v. Weaver Popcorn Co., 132 F.R.D. 204, 207 (N.D. Ind. 1990); Flag Fables, Inc. v. Jean Ann's Country Flags and Crafts, Inc., 730 F. Supp. 1165, 1186 (D. Mass. 1989).

District Courts have broad discretion in discovery matters. <u>Packman v. Chicago Tribune Co.</u>, 267 F.3d 628, 646 (7th Cir., 2001). The Court may limit the frequency or extent of discovery if: the discovery is unreasonably cumulative or duplicative, or can be secure for a more convenient and less expensive source; the party seeking discovery has had ample opportunity to conduct discovery; or if the burdens of the proposed discovery outweighs the benefits. Fed. R. Civ. P. 26(b)(2)(C). A party must be diligent in pursuing the perceived inadequacies in discovery and the trial court does not abuse its discretion if a party untimely seeks to compel inadequate discovery responses. <u>Packman</u>, 267 F.3d at 647. However, even an untimely filed motion to compel may still be allowed if the party demonstrates actual and substantial prejudice resulting from the denial of discovery. <u>Id</u>. Remember, we are talking discovery, <u>not</u> admissibility at trial. With these principles in mind, the Court addresses each aspect of the Motions:

A.    <u>Interrogatories</u>

The Motion to Compel complains about the Defendants' answers to Interrogatories 2, 3, 15, 22, 23, 24 and 25.

1.    <u>Interrogatory Number 2</u>

Interrogatory Number 2 states:

**INTERROGATORY NO. 2:** If you or any of your employees, agents, or assigns, have ever talked to the Plaintiff or Plaintiff's

co-workers, former co-workers, agents, servants, employees, friends, partners, or anyone who has or who may have knowledge of Plaintiff regarding Plaintiff's claims in this lawsuit or have any knowledge, either directly or indirectly, of any statement or admission of any kind made by Plaintiff or anyone acting on Plaintiff's behalf regarding Plaintiff's claims or any other fact that might be relevant to this lawsuit, describe in detail such statement and/or admission and identify who made the statement or admission, to whom it was made, and the date it was made.

Motion, Exhibit C, Plaintiff's First Set of Interrogatories to Defendant

Integrity Mutual, at 5.

Defendants' answers state:

**RESPONSE:** Objection. This interrogatory asks Integrity to identify any of its "employees, agents or assigns" who have ever spoken with anyone that Plaintiff knows who may have knowledge related to "any statement or admission of any kind" that Plaintiff has made.  Integrity has no way of knowing if any of its "employees, agents or assigns" know any of Plaintiffs "co-workers, former co-workers, agents, servants, employees, friends, partners," much less whether Plaintiff's "co-workers, former co-workers, agents, servants, employees, friends, partners" have knowledge of any statements or admissions made by Plaintiff.  This interrogatory is overbroad, unduly burdensome, unlimited in time and not calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Integrity states:

(a) Please refer to Plaintiff's Deposition Transcript.

(b) Please refer to Plaintiff's e-mails to Defendant's Counsel.

Motion, Exhibit G, Defendant Integrity Mutual Insurance Company's

Response to Plaintiff's First Set of Interrogatories, at 3; and Exhibit I,

Defendant Grange Mutual Casualty Company's Response to Plaintiff's First Set of Interrogatories, at 3. The Court quotes the Integrity response throughout. The Grange response is substantially similar. Sometimes the only difference is that "Grange" is substituted for "Integrity." In other responses, Grange adopts Integrity's response by reference.

Nieman complains that the Defendants' answer is non-responsive. Motion, at 5. The Court disagrees. The Defendants properly objected to the overbreath of the Interrogatory. The Interrogatory is unlimited in time and is vague in other respects. For example, the Interrogatory presupposes that the Defendants know the identity of Nieman's friends. The objection that the Interrogatory is overly broad is well taken. Still, the Interrogatory seeks some relevant information, specifically whether any of Defendants' employees spoke to a former employer about Nieman during the hiring process for the Position. The Defendants provided this information by letter from their attorney David Croysdale to Nieman dated August 1, 2012. Motion, Exhibit M, Letter Dated August 1, 2012, at 1-2. The Court, therefore, will not compel any further response to this Interrogatory.

  2. Interrogatory Number 3

Interrogatory Number 3 states:

**INTERROGATORY NO. 3:** Describe in detail all facts, proof, or

evidence which, in whole or in part, form the basis of any defense or affirmative defenses pled in this lawsuit.

<u>Motion</u>, Exhibit C, <u>Plaintiff's First Set of Interrogatories to Defendant</u>

<u>Integrity Mutual</u>, at 5.

Defendants' answers state:

**RESPONSE:** (a) The February 11, 2010 interview of Plaintiff conducted by Cindy Heindel.

(b)   Ms. Heindel's notes of such interview.

(c)   Ms. Heindel's standard interview format.

(d)   Complete lack of communication between Integrity and Plaintiff after the interview.

(e)   Jeff Gipson's internal notes dated on or about February 11,2010.

(f)   E-mail from Jeff Gipson to Cindy Heindel dated March 15, 2010.

(g)   VP Claims Search Time1ine and Candidate History.

(h)   Candidate qualifications spreadsheet and related resume documents.

(i)   College graduation dates for phone screened candidates.

(j)   Job offers to Jim Blair and Sue Frantzen.

(k)   Cindy Heindel's testimony regarding when and why Plaintiff was eliminated from consideration.

(l)   Cindy Heindel's testimony regarding lack of knowledge of any protected activity.  Plaintiff may have engaged in and, accordingly, that no such

activity was considered in making the decision to eliminate the Plaintiff from further consideration.

(m)  Cindy Heindel's testimony that candidate age was not considered in making any decisions throughout the search and hiring process.

(n)  Cindy Heindel's testimony regarding the qualifications considered to be most important and/or critical for the VP of Claims position.

(o)  Jeff Gipson's deposition testimony.

(p)  Jim Roark's Declaration.

(q)  Plaintiff's admissions.

Motion, Exhibit G, Defendant Integrity Mutual Insurance Company's Response to Plaintiff's First Set of Interrogatories, at 4; and Exhibit I, Defendant Grange Mutual Casualty Company's Response to Plaintiff's First Set of Interrogatories, at 3.

Nieman complains that Defendants did not provide this information in their Rule 26(a) initial disclosures. Nieman does not object to the response itself. Motion, at 5. The Defendants respond that Rule 26(a) does not require disclosure of matters related to affirmative defenses. Defendants' Response to Plaintiff's Motion to Compel Depositions of Grange Officers Beth Murphy and Peter McMurtrie, and Motion Requesting the Court to Extend the Time Permitted for Discovery by 60 Days (d/e 83), at 8. Defendants are incorrect. Rule 26(a) lists the categories of information that

must be disclosed initially.  The categories call for disclosure of individuals and documents that provide discoverable information that may be used by the party to support a defense.  Fed. R. Civ. P. 26(a)(1)(A)(i) & (ii).  The response to the Interrogatory, however, is adequate.  The Court will not compel an additional response to Interrogatory Number 3.

The Court also will not decide whether the Defendants should supplement their Rule 26 initial disclosures or whether the information in the answer to Interrogatory Number 3 should be barred.  Nieman makes no such motion, so that issue is not before the Court.  The Court notes that parties have a duty to supplement their initial disclosures.  Fed. R. Civ. P. 26(e).  The duty to supplement, however, contains an important caveat. A party is required to supplement incomplete or incorrect initial disclosures, "if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. 26(e)(1)(A).  Thus, a party is not obligated to supplement the Rule 26(a) disclosures if the material has been otherwise disclosed during the discovery process or in writing.

3.    <u>Interrogatory Number 15</u>

Interrogatory Number 15 states:

**INTERROGATORY NO. 15:** Please provide specific information as to the Plaintiffs current eligibility for hire at Grange Mutual Insurance Company and/or any affiliate. If the

Plaintiff is not currently eligible for hire, please provide specific information as to the reason(s). If the Plaintiff is not currently eligible for hire, please provide specific information as to what notations, records, or computer system information is in place in regard to the Plaintiffs potential candidacy which would alert a Grange and/or Integrity employee as to the Plaintiffs' status as being ineligible for hire.

Motion, Exhibit C, Plaintiff's First Set of Interrogatories to Defendant

Integrity Mutual, at 5.  This Interrogatory was numbered 14 in the

Interrogatories served on Integrity.  The Defendants both numbered the

interrogatory as number 15 in their responses.  The Motion discusses the

response to this Interrogatory and refers to the Interrogatory as number 15.

See Motion, at 5.

The Defendants response to Interrogatory 15 states:

**RESPONSE:** Objection. The Interrogatory is vague, calls for speculation and seeks information that is neither (a) relevant to any disputed issue in the case nor (b) calculated to lead to the discovery of relevant or admissible evidence. Subject to and without waiving this objection, Plaintiff has no pending application for employment at Integrity.

Motion, Exhibit G, Defendant Integrity Mutual Insurance Company's

Response to Plaintiff's First Set of Interrogatories, at 9; and Exhibit I,

Defendant Grange Mutual Casualty Company's Response to Plaintiff's First

Set of Interrogatories, at 8.

Nieman complains that the response is non-responsive.  The Court

disagrees.  Nieman is asking if he is qualified for a position with the

Defendants.  The Defendants respond that he is not currently applying for a

position, and so, they cannot evaluate his qualifications for a particular

position.  This is a reasonable response.  The Court will not compel any

additional response to Interrogatory Number 15.

      4.     <u>Interrogatory Number 22</u>

Interrogatory Number 22 states:

> **INTERROGATORY NO. 22:** Please identify all insurance
> and/or executive recruiting firms which were assigned the task
> or job of identifying candidates for the role of Vice President
> Claims, Wisconsin, with Integrity Mutual and/or Grange, which
> was filled on or about June 2011. Your response should include
> any person or firm assigned the "job" or who were
> communicated with by any Grange or Integrity employee,
> officer, or agent, from January 1, 2009 to present.

<u>Motion</u>, Exhibit C, <u>Plaintiff's First Set of Interrogatories to Defendant</u>

<u>Integrity Mutual</u>, at 10.

The Defendants' response states:

> **RESPONSE:** Integrity objects to the phrase "assigned the task
> or job of identifying candidates" as vague and undefined.
> Subject to this objection, please refer to the VP Claims Search
> Timeline and Candidate History provided in Defendant's
> Document Production Response for the identification of entities
> that were given the opportunity to find and submit candidates
> for the VP Claims position.

<u>Motion</u>, Exhibit G, <u>Defendant Integrity Mutual Insurance Company's</u>

<u>Response to Plaintiff's First Set of Interrogatories</u>, at 11; and Exhibit I,

Defendant Grange Mutual Casualty Company's Response to Plaintiff's First Set of Interrogatories, at 10.

Nieman complains that the reference to the VP Claims Search Timeline and Candidate History document is not responsive.  The Court disagrees.  A party may answer an interrogatory by referencing a document produced in discovery.  Fed. R. Civ. P. 33(d).  The VP Claims Search Timeline and Candidate History identifies the individual or company that provided each referral for the Position.  Motion, Exhibit L, VP Claims Search Timeline and Candidate History.  The answer is sufficient and responsive.  The Court will not compel any further response to Interrogatory 22.

   5.    Interrogatory Number 23

Interrogatory Number 23 states:

   INTERROGATORY NO. 23: Please describe the process by
   which the job listings, advertisements, or other information
   related to the role of Vice President Claims, Wisconsin,
   with Integrity Mutual and/or Grange, which was filled on or
   about June 2011, were deleted, removed or requested to be
   deleted or removed.  Please explain the process specifically,
   including dates of actual or requested activity and the method
   of activity or request to an internal or external employee, officer,
   agent or other party or entity.

Motion, Exhibit C, Plaintiff's First Set of Interrogatories to Defendant Integrity Mutual, at 10.

The Defendants' response states:

**RESPONSE:** Objection. The Interrogatory is overly broad and seeks information that is neither (a) relevant to any disputed issues in the case nor (b) calculated to lead to the discovery of relevant or admissible evidence. Subject to and without waiving this objection, please refer to the VP Claims Search Timeline and Candidate History.

Motion, Exhibit G, Defendant Integrity Mutual Insurance Company's

Response to Plaintiff's First Set of Interrogatories, at 11; and Exhibit I,

Defendant Grange Mutual Casualty Company's Response to Plaintiff's First

Set of Interrogatories, at 11.

Nieman complains that the answer is non-responsive. The Court agrees. The VP Claims Search Timeline and Candidate History does not describe how advertisements or notices for the Position were deleted, removed or requested to be removed. The Defendants are directed to answer the Interrogatory.

6.      Interrogatory Number 24

Interrogatory Number 24 states:

**INTERROGATORY NO. 24:** Please describe the process by which the job description and/or desired qualifications for the position of Vice President Claims, Wisconsin, with Integrity Mutual and/or Grange, which was filled on or about June 2011, was created prior to the position being originally posted or advertised in 2009, including any changes to the job description and/or desired qualifications changed at any time from the date of original posting or advertisement of the position up to the point of the position being filled, on or about June 2011.

<u>Motion</u>, Exhibit G, <u>Defendant Integrity Mutual Insurance Company's</u>

<u>Response to Plaintiff's First Set of Interrogatories</u>, at 11-12; and Exhibit I,

<u>Defendant Grange Mutual Casualty Company's Response to Plaintiff's First</u>

<u>Set of Interrogatories</u>, at 11.

The Defendants' response states:

**RESPONSE:** Objection. The Interrogatory is so broad and vague as to be incomprehensible, seeks information that is not maintained by Defendant in a readily accessible form, and seeks information that is neither (a) relevant to any disputed issue in the case nor (b) calculated to lead to the discovery of relevant or admissible evidence. Subject to and without waiving this objection, there were no material changes to the job description or the desired qualifications throughout the selection process for VP of Claims.

<u>Motion</u>, Exhibit G, <u>Defendant Integrity Mutual Insurance Company's</u>

<u>Response to Plaintiff's First Set of Interrogatories</u>, at 11-12; and Exhibit I,

<u>Defendant Grange Mutual Casualty Company's Response to Plaintiff's First</u>

<u>Set of Interrogatories</u>, at 11.

Nieman complains that the answer does not address how the job

description for the Position was created.  Nieman is correct.  The

Defendants are directed to state the origin of the job description for the

Position at the beginning of the hiring process.

7.    <u>Interrogatory No. 25.</u>

Interrogatory Number 25 states:

**INTERROGATORY NO. 25:** Please specifically describe the nature and content of the telephone call or conversation which

3:11-cv-03404-RM-BGC   # 87   Page 16 of 23

occurred between Jeff Gipson of James Allen Company and
Cindy Heindell of Integrity Mutual Insurance Company on
October 6, 2010 at approximately 9:45 a.m.

Motion, Exhibit R, Defendant Integrity Mutual Insurance Company's

Response to Plaintiff's First Supplemental Interrogatory, at 2.

Defendant Integrity's response states:

**RESPONSE:** Cindy Heindel has no specific recollection of a
phone call or phone message from Jeff Gipson on October 6,
2010 at approximately 9:45 a.m. and, accordingly, has no
specific recollection of the nature or content of any such call
that may have occurred.

Motion, Exhibit R, Defendant Integrity Mutual Insurance Company's

Response to Plaintiff's First Supplemental Interrogatory, at 2.

Nieman's complaint about the response to Interrogatory Number 25

is unclear.  The answer is responsive.  Integrity states that Cindy Heindel

does not remember the call.  The Court will not compel any additional

response to Interrogatory Number 25.

B.    Requests to Produce

Nieman raises several issues regarding the production of documents.

The parties seem to have resolved a number of the initial issues raised by

the Motion, but several remain. The Court will address each remaining

issue separately.

**Page 16 of  23**

1.    Relevant Time Period

   Nieman complains that Grange limited its discovery responses to the time period of January 1, 2009, to August 4, 2011.  <u>Motion</u>, at 8.  The Court sustains Grange's objection to produce material after August 4, 2011.  The time period selected by Grange covers the selection process for the Position.  The Complaint concerns reasons Nieman was not hired for the Position.  The relevant period, thus, ended when the hiring decision was made in the summer of 2011, before the news release that Nieman discovered on August 4, 2011.

   The Court sustains the objection for documents after August 4, 2011, in part, because Nieman has filed a separate action alleging claims against Grange and Integrity based on events that occurred after August 4, 2011. <u>Nieman v. Grange Mutual Insurance Company, et al</u>, C.D. Ill., Case No. 12-cv-3250, <u>Plaintiff's First Complaint at Law (d/e 1) (2012 Case)</u>.  The Court finds that in the interests of judicial economy Nieman should limit his discovery in this case to matters related to this case, not the 2012 Case.

   The Defendants' objection to producing documents before January 1, 2009, however, may be too restrictive.  The Court believes that information from prior years may be relevant to the Defendants' overall hiring practices. The Court, therefore, overrules Grange's objection to the extent that Grange excludes responsive documents from the period from January 1,

2007, to January 1, 2009.  Responsive documents from two additional years should provide additional relevant information about prior practices without over burdening Grange.  The Court therefore directs Grange to expand its responses to Nieman's request to produce to include responsive documents from the years January 1, 2007, to January 1, 2009.

2.    <u>Heindel Notes</u>

Integrity employee Cindy Heindel kept handwritten notes in a spiral notebook.  Defendants produced redacted copies of responsive pages of these notes.  Defendants redacted home telephone numbers of Integrity and Grange employees and other third parties and matters for which they assert attorney client privilege.  Nieman objects to these redactions. Nieman further complains that Defendants provided no information regarding the time period covered by the notes and whether any notes were lost or destroyed.

Defendants redacted the telephone numbers to keep Nieman from calling these third parties and employees of Defendants.  The Court finds that redaction of this confidential information of third parties is appropriate in this case, particularly in light of Nieman's past contacts with third party witness Jeff Gipson.  <u>See</u> <u>Opinion entered August 31, 2012 (d/e 74)</u>, at 7-15.  Nieman can communicate with Defendants' attorneys if he wishes to contact employees.

With respect to the claims of privilege, Defendants have provided no information to justify the claims.  The Court therefore directs Defendants to provide revised copies of the Heindel notes without the redactions based on claims of privilege, but with the redactions of private telephone numbers and any other private third-party information.

Defendants are also directed to provide readily available information regarding the time period covered by the notes and whether any notes were lost or destroyed.  Defendants are not obligated to create documents, but only to produce them.  Defendants, therefore, are not obligated to date documents or create time lines; however, to the extent that Defendants' personnel know the general time frame of the notes and whether any were lost or destroyed, they are directed to provide that information.

3.    Native Format and Metadata

Nieman asked for electronically stored information to be produced in native format with metadata.  The Defendants produced documents in .pdf format initially, but have now produced some documents in native format with metadata.  Nieman states that some documents still have not been produced in native format with metadata.  The Defendants are directed to produce in native format with metadata any electronically stored information that Defendants have already produced in paper form or in .pdf

form if the Defendants also possess the information in some other
electronic native format.

Nieman specifically references a document called Claims
Candidates.xlsx.  Nieman states that this document was produced in paper
form.  Reply, at 9.  The Defendants are directed to produce the
electronically stored native format copy with metadata of the document
identified as Claims Candidates.xlsx that was produced in paper form.

It is somewhat unclear from the Reply, but it appears that Nieman
wants drafts of Claims Candidates.xlsx in addition to the final document.
Reply, at 9.  Defendants state that defense counsel prepared this
document for this litigation.  As such, the drafts are privileged work product.
Fed. R. Civ. P. 26(b)(3)(A).  The Court will not compel their production.
Nieman notes that these documents are not listed on a privilege log.  The
Defendants are directed to amend the privilege log to include these
documents.

4.    Document 87

Document 87 is an email that Defendants produced.  The document
is an email dated December 6, 2011, from Murphy to attorney Croysdale.
Reply, Exhibit R, Descriptions of Documents 87-240.  Nieman states that
the email had attachments, but the Defendants did not produce the
attachments. The email lists a large number of attachments.  Reply,

Exhibit R, <u>Email dated December 6, 2011</u>.  Many of the documents were created after August 4, 2011.  The Defendants are not required to produce those documents for the reasons discussed above.  The Court, however, directs the Defendants to produce the documents that were created before August 4, 2011, and that were attached to Document 87.

C.      <u>Depositions of Beth Murphy and Peter McMurtrie</u>

Nieman seeks to depose Beth Murphy and Peter McMurtrie.  Murphy is an attorney employed by Defendants.  She had no involvement in the process of filling the Position, but has only been involved in this matter after Nieman filed the charge of discrimination.  She therefore has no relevant personal knowledge of the issues raised in this case.  Her personal knowledge would only be relevant, if at all, to the 2012 Case.  The Court, therefore, will not allow her deposition in this case.  The Motion to Quash is allowed with respect to her deposition.  The Court makes no ruling regarding any discovery issues in the 2012 Case, including the appropriateness of any deposition of Murphy in that case.

Nieman also wants to depose McMurtrie.  McMurtrie had some involvement in the process of filling the Position.  Nieman may depose him about his involvement in the hiring process for the Position before August 4, 2011.  Any information that he might have regarding events after that date would, again, be relevant to the 2012 Case, not this case.  Again, in

the interest of judicial economy, the discovery in this case should be limited

to this case.  The deposition is limited to his knowledge of events related to

the hiring process for the Position before August 4, 2011, and is limited to a

maximum of four (4) hours in length.

D.    Motion to Extend Discovery

        Nieman moves to extend discovery to depose a third party witness

Michael Tingley.  Motion, at 21-24.  Tingley has provided an affidavit that

has obviated the need for his deposition.  The request for an extension is

therefore denied.

E.    Additional Matters Raised in Reply

        Nieman raises additional matters regarding the extension of

discovery in his reply.  See Reply, at 3-8.  A party may not raise new

matters by reply.  The Court will not address such matters at this time.

Nieman also recently filed a supplemental motion regarding these matters.

Plaintiff's Supplemental Motion to Compel, and Motion for Discovery

Sanctions Under Rule 37 (d/e 86).  Defendants are entitled to respond to

this supplemental motion before the Court considers these matters.

        WHEREFORE Plaintiff Jason Nieman's Motion to Compel

Depositions of Grange Officers Beth Murphy and Peter McMurtrie, and

Motion Requesting the Court to Extend the Time Permitted for Discovery

by 60 Days (d/e 77), and Defendants Grange Mutual Casualty Company

and Integrity Mutual Insurance Company's Motion to Quash Notices of

Depositions (d/e 78) are ALLOWED in part and DENIED in part.

Defendants are directed to provide the additional interrogatory answers

and produce additional documents as directed by this Opinion by

November 2, 2012.  The Court directs that Defendants make Peter

McMurtrie available for deposition in the district of McMurtrie's residence

before November 15, 2012, but limits the deposition to four (4) hours in

length and to matters that occurred before August 4, 2011, and to matters

relevant to that particular hiring process for the Position.  The notice of

deposition for Beth Murphy is quashed.  The request to extend discovery is

denied.  The remainder of the Motions are otherwise denied.

ENTER:  October 17, 2012

                    *s/ Byron G. Cudmore*
                    BYRON G. CUDMORE
            UNITED STATES MAGISTRATE JUDGE