**E-FILED**
Friday, 09 November, 2012  10:36:10 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JASON LEE NIEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-cv-3404 |
| | ) | |
| GRANGE MUTUAL INSURANCE | ) | |
| COMPANY, and INTEGRITY MUTUAL | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiff Jason Nieman's Supplemental Motion to Compel, and Motion for Sanctions Under Rule 37 (d/e 86) (Motion).  Plaintiff Jason Nieman asks for several different types of relief.  Nieman first asks for an extension of time to conduct fact discovery. Motions for extension of time must be filed before the original deadline. Local Rule 6.1.  The deadline for fact discovery in this case was October 5, 2012.  Scheduling Order entered July 10, 2012 (d/e 58), ¶ 4.   The Motion was not filed until October 13, 2012.  The request therefore is denied as untimely.  Nieman's request to conduct additional depositions is also denied as untimely since fact discovery has closed.  Nieman is ordered to withdraw any subpoenas he may have secured or served for his proposed

additional depositions.  See Plaintiff's Motion for Leave to File a Reply to Defendants' Response to Plaintiff's Supplemental Motion to Compel, For Discovery Sanctions Against Defendant Integrity and Grange, Requesting the Court Extend the Time Permitted for Discovery by 60 Days (d/e 91) (Reply), at 9-10.  Nieman also asks the Court to compel certain discovery and to sanction the Defendants.  For the reasons set forth below, these requests are also denied.

## BACKGROUND

Plaintiff Nieman alleges that the Defendants Integrity Mutual Insurance Company (Integrity) and Grange Mutual Insurance Company (Grange) retaliated against him for exercising his rights under the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq.  Nieman applied for a job with Integrity, but was not hired.  Nieman alleges that the Defendants did not hire him because he previously engaged in protected activity by suing a prior employer for age discrimination.  See Plaintiff's First Complaint at Law (d/e 1) (Complaint).[1]

Nieman moves to compel discovery as follows: (1) compel Defendant Grange to produce a representative at a Rule 30(b)(6)

---

[1]Defendant Grange has referred to itself as Grange Mutual Casualty Company in some documents and Grange Mutual Insurance Company in others.  Compare Defendant Grange Mutual Casualty Company and Integrity Mutual Insurance Company's Amended Answer to First Complaint at Law (d/e 53), with Motion, Exhibit Z, Grange Mutual Insurance Company's Answers to Plaintiff's Requests for Admission. The Court uses the name in the original caption since Grange has used both.

deposition; (2) compel an amended response to Plaintiff's First Set of Admissions Request 13 addressed to Defendant Grange; and, (3) compel an amended response to Plaintiff's First Set of Admissions Request 8 addressed to Defendant Grange. Nieman seeks sanctions for spoilation of evidence. The Court addresses each issue separately.

Rule 30(b)(6) Deposition

On September 23, 2012, Nieman served a notice of deposition for a deposition of Defendant Grange. The Notice set the deposition for October 5, 2012, the deadline for completion of fact discovery. On September 26, 2012, Nieman served an amended notice. Motion, Exhibit B, Plaintiff's Amended Notice of F.R.C.P. 30(b)(6) Corporate Deposition of Defendant Grange Mutual Insurance Company (Amended Notice). Nieman again set the deposition for October 5, 2012. Nieman did not attempt to coordinate the date for the deposition with opposing counsel, as required by Local Rule 30.1. Defendant Grange objected to the Notice of Deposition on various grounds, including Nieman's unilateral setting of the date and time of the deposition and the lack of time to prepare for the deposition. Grange, however, did not file a motion for a protective order. Instead, Grange did not appear at the deposition, but attempted to negotiate further with Nieman past the discovery deadline. Nieman ultimately filed the Motion.

Both parties committed procedural violations in connection with Nieman's Amended Notice.  Nieman violated Local Rule 30.1.  He did not attempt to coordinate the date and time for the deposition with opposing counsel.  Grange, however, did not file a motion for protective order.  Rule 30(b)(6) obligates the corporation subject to the notice of deposition to designate a representative who must appear and testify.  Fed. R. Civ. P. 30(b)(6).  The correct remedy if the corporation objects to the notice is to seek a protective order.  Fed. R. Civ. P. 26(c) and 37(d)(2).  Grange did not do so.  The Court will not resolve the motion based on these violations since both parties violated the rules.

Grange objects to the Amended Notice because the Amended Notice did not allow sufficient time to designate and prepare a Rule 30(b)(6) witness.  The Court agrees.  Rule 30(b)(1) requires giving reasonable notice of a deposition.  The determination of the reasonableness of the notice for a deposition is case-specific and fact-intensive.  Peterson v. Union Pacific R. Co., 2007 WL 2701268, at *2 (C.D. Ill. August 23, 2007).  A relevant factor is the time between the notice and the deposition in comparison to the time required for preparation and travel.  Id.  A Rule 30(b)(6) witness often requires additional preparation because the witness is not testifying as to his personal knowledge, but is testifying on behalf of the corporation as to matters known or reasonably available to the

corporation.  <u>See</u> <u>Brazos River Authority v. GE Ionics, Inc.</u>, 469 F.3d 762, 432-33 (5th Cir. 2006); <u>see also</u> <u>PPM Finance, Inc. v. Norandal USA, Inc.</u>, 392 F.3d 889, 894-95 (7th Cir. 2004).

The Amended Notice gave Grange seven business days to designate and prepare the witness.  The Amended Notice listed fourteen topics and thirteen sub-topics on which the witness would be called to testify.  The topics covered computer technology used by the Defendants; policies and procedures for storing electronic information; policies for managing electronic information; policies and procedures for use of computers by employees; information regarding current and former employees with access to computer technology resources, assets, and information; information regarding employees who have ever conducted a computer search of any version of Nieman's name; information regarding employees who searched Nieman's Linkedin profile; policies for document retention or destruction; information regarding Internet browsing search histories contained on specific computers used by certain individuals; information regarding any searches conducted by John Kuchel on behalf of Cindy Heindel; the results of any searches done by Kuchel or his designee referenced in a document produced in discovery; information regarding a settlement counteroffer made by Defendants in which they offered to settle if Nieman would pay them $200,000.00; information regarding the nature

and justification for Defendants' answer to the Complaint and their affirmative defenses; and information regarding any background checks conducted on any applicant for employment or promotion.  Amended Notice at 2-3.

Seven business days is not reasonable notice to prepare a witness to testify on all of these topics.  The witness would be required to conduct extensive research to be able to testify about matters such as specific computer search results, search histories, backgrounds checks on job applicants and applicants for promotion, and lists of employees with access to certain types of information.  Seven business days was not enough time to prepare for such an extensive deposition.  Even the nine business days from the original notice was not sufficient under these circumstances.  See Sulfuric Acid Antitrust Litigation, 231 F.R.D. 320, 327 (N.D. Ill. 2005) (indicating that ten business days is generally reasonable notice).

Nieman also had no reason to wait until the end of fact discovery to seek this deposition.  He knew that he wanted this information long before September 23, 2012.  Nieman's claim is based on his allegation that the Defendants learned of his prior suit against his former employer by searching on the Internet.  See Complaint ¶¶ 20-22, 44-49.  Nieman stated in his discovery plan in June 2012 that he intended to conduct discovery regarding Defendants' use of computers and Internet searches in

screening job applicants, and its policies for the, "apparent suppression and/or destruction of electronic information, and related subjects." Plaintiff's Proposed Discovery Plan (d/e 55), at 2.  On or about June 5, 2012, Nieman had the Defendants' Amended Answer and affirmative defenses.  Defendant Grange Mutual Casualty Company and Integrity Mutual Insurance Company's Amended Answer to First Complaint at Law (d/e 53).  Nieman had months to discover the basis for these answers and defenses.  Nieman also knew about the settlement counteroffer on July 16, 2012.  Plaintiff's Motion for Leave to File First Amended Complaint (d/e 61), at 3.  Nieman, thus, knew he wanted this discovery on all of these topics long before September 23, 2012.  The Court sees no excuse for the delay.

Nieman has also had the opportunity to discover information about the relevant topics listed in the Notice of Deposition.[2]  Nieman has conducted extensive written discovery and taken numerous depositions. Because Nieman failed to provide reasonable notice and because Nieman has had ample opportunity to discover information on the topics covered by the Rule 30(b)(6) notice, the Court denies Nieman's request to compel the Rule 30(b)(6) deposition of Grange.

---

[2]Nieman has filed a separate action in this Court based, in part, on the Defendants July 2012 settlement counteroffer.  Nieman v. Grange Mutual Insurance Company, C.D. Ill. Case No. 12-3250.  The Court, therefore, determined that discovery about that matter should be conducted in that case.  See Opinion entered October 17, 2012 (d/e 87), at 17-18.

Request to Admit 13

Nieman asks the Court to compel additional responses to two

requests to admit, numbers 8 and 13.  Plaintiff Nieman's First

Set of Admissions, Request 13 stated:

Admit that some of the notes found at Defendants' Bates
Number D 000010 to D000014 were placed at a time and/or
date other than during the date and time of where the notes
were originally started.

Motion, Exhibit Z, Grange Mutual Insurance Company's Answers to

Plaintiff's Requests for Admission, at 4.

Grange responded:

**ANSWER:** Grange objects to this Request to Admit on the
grounds that the term "placed" is vague and, given its normal
definition, not used properly as one does not place notes.
Grange further objects to the phrase "a time and/or date other
than during the date and time of where the notes were originally
started" as being vague and undefined.  Grange does not know
the exact dates on which the documents Bates Stamped
D000010 to D 000014 were created nor whether each page
was created at the same time or different times.  To the extent
Plaintiff is alleging that documents were altered for the purpose
of this litigation, Grange denies those allegations.

Id.

Defendant Grange's response is sufficient.  Nieman argues that this

answer constitutes an admission of evidence manufacturing.  The Court

disagrees.  The Defendants explained that the dates of the notes are

unknown, but the notes were not altered for litigation.  The answer is

sufficient.

Request to Admit 8

      Nieman's First Set of Admissions, Request 8, directed to Grange,

stated:

> Admit that the Defendants could not calculate any damages
> that could reasonably be awarded by a court at that time, based
> upon prevailing statutory and/or case law, that would equal
> $200,000.00.

Motion, Exhibit Z, Grange Mutual Insurance Company's Answers to

Plaintiff's Requests for Admission, at 3.

      Grange responded:

> **ANSWER:** Grange denies the allegations in Admission No. 8.
> Answering affirmatively, Grange states that Defendants expect
> to receive their attorneys' fees and costs in this litigation.
> Defendants, their officers and employees also will have claims
> for malicious prosecution, libel and slander.  Defendant
> believes that Plaintiff's liability exposure well exceeds
> $200,000.00.

Id.

      Defendant Grange's response is, again, sufficient.  Nieman argues

that the counteroffer was wrongful because Defendants could not recover

$200,000.00 in attorney fees and because Defendants did not file

counterclaims.  The Court is not in a position to assess the Defendant's

potential for recovering attorney fees or the amount of such fees.  The

lack of a counterclaim herein is not significant, nor controlling, as the

Defendants' alleged claims for the malicious prosecution, libel and slander

are not compulsory counterclaims.  They do not arise out of the same

transaction or occurrence as Nieman's claim in the Complaint, and some of

the possible claims involve additional plaintiffs.[3]  See Fed. R. Civ. P. 13(a).

Defendant Grange's response to Request to Admit 8 is sufficient herein.

Request for Sanctions

Nieman raises a number of issues in his request for sanctions.  The

Court addresses them in order.

Document Retention Policy

Defendants had a policy of deleting emails after thirty days from the

"sent" and "deleted" files of its employees email accounts (Deletion Policy).

Nieman argues that the Deletion Policy is unreasonable and sanctionable

as a policy of spoilation of evidence.  To establish a claim for spoilation of

evidence, Nieman must show that the Defendants destroyed a document in

bad faith, that is for the purpose of hiding adverse information.  Faas v.

Sears, Roebuck & Co., 532 F.3d 633, 644 (7th Cir. 2008); Park v. City of

Chicago, 297 F.3d 633, 644 (7th Cir. 2002).  Nieman must show that the

---

[3]Defendant's have filed a counterclaim for defamation and abuse of judicial process in Case #12-3250 (listed in footnote 2).

Defendants knew, or should have known, that litigation was imminent.
Trask-Morton v. Motel 6 Operating L.P., 534 F.3d 672, 681 (7th Cir. 2008).

The existence of the Deletion Policy does not, by itself, demonstrate an intent to hide adverse information.  The policy is facially neutral; the Deletion Policy destroys all emails in sent and deleted files without respect to the content of any particular email.  Nieman states that the Deletion Policy violates regulations promulgated by the Equal Employment Opportunity Commission (EEOC) under Title VII of the Civil Rights Act of 1964 and the ADEA.[4]  Section 1602.14 of the EEOC regulations require employers to retain personnel employment records for a year.  29 C.F.R. §1602.14.  This regulation only requires retention of the employment record in the employee's personnel file, not various employees' emails. See Rummery v. Illinois Bell Telephone Co., 250 F.3d 553, 558-59 (7th Cir. 2001).  The Deletion Policy does not violate this regulation.  Nieman also cites business practices recommended by various private organizations and associations.  A company's decision not to follow such recommendations does not prove anything.  The Deletion Policy is not facially unreasonable and does not demonstrate any spoliation of evidence.

---

[4]Nieman erroneously cites the regulation that requires the EEOC to serve a charge of discrimination on the respondent within ten days.  Motion, at 22 (citing 29 C.F.R. § 1601.14).  Nieman apparently meant to cite § 1602.14.

The September 22, 2010 E-mail

Nieman complains specifically about the deletion of an email dated September 22, 2010, pursuant to the Defendant's Deletion Policy.  Nieman presents no evidence that the Defendants had any expectation when these emails were destroyed in 2010 of any possibility of litigation with Nieman. Nieman did not know he had a possible claim until August 4, 2011, and did not file a charge of discrimination until August 24, 2011.  See Complaint ¶ 32-36.  Nieman argues the Defendants' decision not to notify him that he was not going to be hired for the position shows that they expected him to sue them.  The Court disagrees.  The Defendants' decision not to notify unsuccessful applicants does not demonstrate an expectation that such applicants would sue.  Nieman does not identify any other unsuccessful applicant that sued the Defendants, and does not identify any information in his application that put the Defendants on notice that he would sue them. Nieman presents no evidence that the Defendants had any reason to believe that emails would be evidence when they were deleted a year before Nieman notified the Defendants of his potential claim.

Heindel's Use of White Out

Defendants' employee Cindy Heindel put "White Out" correction fluid over some notes of conversations she had with defense counsel.  This was

improper.  Defendants should have listed these notes on a privilege log

and claimed attorney client privilege if they wanted to withhold them.  See

Fed. R. Civ. P. 26(b)(5).  Defendants have since removed the White Out

and produced the notes.  Response, at 14, and Exhibit 16, Notes.  The

Defendants and their counsel are admonished to follow the Rules of Civil

Procedure in the future.  The Court in its discretion, however, determines

that sanctions are not appropriate in light of the fact that the notes have

now been produced.

The October 6, 2010 Emails

On November 10, 2011, Integrity employee Cindy Heindel sent an

email to defense counsel in which she discussed a conversation with a

third party employment recruiter named Jeff Gipson,  At the conclusion of

the email, Heindel stated, "I will work with IT to try pull the e-mails that had

gone back and forth." Motion, Exhibit JJ, Email dated November 10, 2011.

The referenced emails were emails between Heindel and Gipson on

October 6, 2010.  Nieman has asked for the collection of emails that

Heindel said she would try to pull together.  None have been produced.

Nieman argues that such emails have been destroyed improperly pursuant

to the Deletion Policy.  Again, Nieman did not notify the Defendants of his

claim until August 2011.  The fact that emails from October 2010 have

been destroyed long before that date pursuant to the Deletion Policy does not indicate any bad faith.  The Defendants had no notice that any possible litigation was imminent when the emails would have been destroyed.

<u>Refusal to Comply with Rule 30(b)(6) Deposition Notice</u>

Lastly, Nieman notes that sanctions may be available because Defendants failed either to comply with Amended Rule 30(b)(6) Deposition Notice or to file a motion for protective order.  Nieman, however, does not ask for sanctions for this matter.  Nieman states that he canceled the deposition after the Defendants notified him that a witness would not appear and did not incur any out-of-pocket expenses.  <u>Motion</u>, at 24.  Since Nieman does not ask for sanctions for this matter, the issue is not before the Court.  The Court, however, notes that Nieman violated Local Rule 30.1 by not coordinating the deposition scheduling with opposing counsel.  Given that Nieman violated the Local Rules and did not incur any expenses due to the defendant's failure to appear at the deposition, the Court would not be inclined to impose any sanctions in this instance.

<u>Plaintiff Nieman's Reply</u>

Plaintiff Nieman again attempts to raise additional matters in his Reply.  New issues may not be raised by reply.  Therefore, the Court does not address these matters.

WHEREFORE,  Plaintiff Jason Nieman's Supplemental Motion to

Compel, and Motion for Sanctions Under Rule 37 (d/e 86) is DENIED.

ENTER:      November 9, 2012


_____*s/ Byron G. Cudmore*_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE